UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ROXANNE LANDRY**,
    Plaintiff,

v.                                                                               2:23-cv-571-JLB-NPM

**UNITED STATES OF AMERICA**,
    Defendant.

---

### ORDER

In this quiet title action, plaintiff Roxanne Landry seeks to remove a federal tax lien against her property in Naples, Florida, that resulted from the Internal Revenue Service (IRS) designating Landry as a nominee of her ex-husband Kenneth Flaska. With discovery proceeding, Landry filed a motion to compel discovery responses from the government (Doc. 34), and the United States filed a motion for protective order (Doc. 36). The court held a hearing on the motions on July 8, 2025. (Docs. 49, 50).

Regarding the motion to compel, Landry asserts that the government failed to respond to interrogatories three through six and provided a deficient privilege log. (Doc. 34 at 2-8). Taking them in turn, interrogatory three requests:

> Please describe the factual basis to support the claim that Plaintiff would still incur liability arising from income tax liabilities of her ex-husband, Kenneth Flaska, despite receiving innocent spouse relief for all periods at issue. Please identify all documents that you claim support any part of your answer and include the name and contact information of all witnesses with knowledge of the facts and circumstances set forth therein.

*Id.* at 3. The government objects to this interrogatory on the grounds of relevancy because "the United States does not contend that [Landry] is personally liable for the income tax liabilities of Mr. Flaska." *Id.* On that score, we agree with the government and find that its response is sufficient. Thus, Landry's motion is **denied** as to interrogatory three.

> With regard to interrogatory four, Landry requests that the government:
>
> Please describe the factual basis to support the claim that Plaintiff was previously a nominee of Kenneth Flaska at the time the lien was placed on the property, and all facts to support the claim that Plaintiff remains the nominee of Kenneth Flaska. Please identify all documents that you claim support any part of your answer and include the name and contact information of all witnesses with knowledge of the facts and circumstances set forth therein.

*Id.* at 4.

In response, the government objects to providing the facts known to the IRS at the time the nominee lien was filed, contending they are not relevant since the court will conduct a de novo review of whether Landry is a nominee of Flaska. But the government goes on to explain why Landry remains the nominee. As such, we grant Landry's motion to the extent she requests an explanation about why she was the nominee to begin with, but otherwise, nothing more is required. So, Landry's motion as to interrogatory four is **granted in part and denied in part**.

> Turning to interrogatory five, Landry requests:
>
> Please describe the factual basis to support the denial of the claim that the transfer of real property was not for full and adequate consideration and that the property is not in sole and exclusive ownership of the Plaintiff. Please

> identify all documents that you claim support any part of your answer and include the name and contact information of all witnesses with knowledge of the facts and circumstances set forth therein.

*Id.* at 6. From the government's perspective, this request is overbroad, oppressive, and ambiguous, and seeks its attorneys' mental impressions of the case. Even so, the government provided grounds for questioning whether the transfer of the property was for full consideration and whether Landry has sole ownership. In addition, the government noted that other than Landry and Flaska, it was not aware of any other percipient witnesses.

Landry's motion is **denied** as to interrogatory five. We find the government's response sufficient because it provides a factual basis to support its denial and informed Landry that she and Flaska are the only witnesses with firsthand knowledge of the facts and circumstances about the transfer of the real property. Furthermore, Landry's request generally runs afoul of not calling for your opponent's narrative of the case, and it is disproportionate to have the government set out what it thinks Landry knows—to be sure, Landry knows what she knows.

Finally, interrogatory six requests that the government:

> Please describe the factual basis to support the denial of each of the Plaintiffs Applications for Withdrawal of Filed Form 668(Y) Notice of Federal Tax Lien, Form 12277, and Plaintiffs Application for Discharge of Property from Federal Tax Lien, Form 14135, including the requests dated June, 2019, February, 2021, and November, 2021. Please identify all documents that you claim support any part of your answer and include the name and contact information of all witnesses with knowledge of the facts and circumstances set forth therein.

*Id. at 6.* The government objects to the sixth interrogatory on the grounds of relevance and proportionality, arguing that the denial of the applications is not relevant to whether Landry is a nominee of Flaska and that recounting the IRS's reasons for denial would be disproportionate because Landry already has the ICS History Transcript, which contains the factual basis for the denial of the applications. *Id.* at 7. We sustain the government's objections. Landry's motion regarding interrogatory six is **denied**.

Landry also asserts that the government's privilege log is deficient under Federal Rule 25(b)(5)(A) and the Middle District's Discovery Handbook, as she is unable to properly assess the privilege due to rudimentary and excessively vague descriptions of the redacted documents. Therefore, Landry argues that the government should be compelled to amend its privilege log to correct these deficiencies. (Doc. 34 at 8-10). During the hearing, the government agreed with Landry but had yet to produce an amended privilege log. Landry's motion is **granted** with respect to the privilege log, and the government must produce an amended log within two weeks of this order.

We now turn to the government's motion for a protective order, seeking to quash the proposed Rule 30(b)(6) deposition of the IRS. (Doc. 36). Landry seeks to depose the IRS about the following:

1. Collection efforts and the processes for the same with respect to Roxanne Landry's joint federal tax liabilities as described in the Complaint in the above-referenced matter;

2. Any information surround [sic] payment transactions, installment agreements, and federal tax liens and levies with respect to Ms. Landry;

3. The processes, decision-making, and substantive reasoning behind the nominee tax lien filed against Ms. Landry as described in the Complaint;

4. The processes, decision-making, and substantive reasoning behind the rejection of Ms. Landry's Application for Withdrawal of Notice of Federal Tax Lien; and

5. The United States' responses to written discovery requests in the above-referenced matter.

*Id.* at 2-3.

In contrast, the government emphasizes that the only issue in this case is whether the nominee lien is valid. *Id.* at 6. To assess the validity of a nominee lien, these factors are considered: "(1) whether the taxpayer exercised dominion and control over the property; (2) whether the property of the taxpayer was placed in the name of the nominee in anticipation of collection activity; (3) whether the purported nominee paid any consideration for the property, or whether the consideration paid was inadequate; (4) whether a close relationship exists between the taxpayer and the nominee; and (5) whether the taxpayer pays the expenses (mortgage, property taxes, insurance) directly, or is the source of the funds for payments of the expenses." *United States v. Ippolito*, 838 F. Supp. 2d 1287, 1291 (M.D. Fla. 2012) (citation omitted). Based on the *Ippolito* factors, the government asserts that Landry's

deposition topics are not relevant to this quiet title action. (Doc. 36 at 6). The government also points to its production of hundreds of pages that identify the IRS's administrative actions, which address the deposition topics and explain its contentions. *Id.* at 7.

In light of the *Ippolito* factors, we find that deposition topics one and two are not relevant because they are targeted at Landry and have nothing to do with the validity of the nominee lien. Indeed, the IRS does not seek to hold Landry liable for her ex-husband's tax debts as she was deemed an innocent spouse, and any payments made by Landry have no bearing on whether the lien is valid.

As for topics three and four, Landry conceded during the hearing that she is not going to delve into the IRS's processes, decision-making, or reasoning behind the nominee lien. Therefore, only topic five remains. Landry casts a wide net with respect to deposing the IRS about "responses to written discovery requests." Not surprisingly, the government argues that this request is vague and likely entails topics that are irrelevant or privileged. But at the hearing, the government expressed that it had no objection to producing a records custodian who could explain certain acronyms and references to forms contained in their responses to written discovery. So the government's motion for protective order (Doc. 36) is **granted** as to deposition topics one, two, three, and four. And while Landry may conduct a Rule 30(b)(6) deposition as to topic five, it is significantly narrow in scope—the IRS's

explanation of acronyms and references to certain forms in its written discovery responses.

Accordingly, Landry's motion to compel (Doc. 34) is **GRANTED in part**. The government must answer interrogatory four and produce an amended privilege log within **two weeks** of this order. The government's motion for protective order (Doc. 36) is **GRANTED** as to topics one through four but is otherwise **DENIED in part**. With respect to topic five, the government shall produce a records custodian for a Rule 30(b)(6) deposition to explain the IRS's acronyms and references to certain forms only as they pertain to its written discovery responses.

**ORDERED** on August 25, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge